NOTICE

Decision filed 04/28/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190360

NO. 5-19-0360

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| MIDWEST SANITARY SERVICE, INC.; NANCY DONOVAN; and BOB EVANS SR., | ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) | No. 18-L-811 |
| | ) | |
| SANDBERG, PHOENIX & VON GONTARD, P.C.; JOHN GILBERT; and NARCISA SYMANK, | ) ) ) | Honorable David W. Dugan, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court, with opinion.
Presiding Justice Boie and Justice Barberis concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendants, Sandberg, Phoenix & Von Gontard, P.C., John Gilbert, and Narcisa Symank, appeal, pursuant to Illinois Supreme Court Rule 308 (eff. July 1, 2017), those portions of the June 3, 2019, order of the circuit court of Madison County that denied their motion to dismiss and strike those portions of the legal malpractice complaint filed by the plaintiffs, Midwest Sanitary Service, Inc. (Midwest), Nancy Donovan, and Bob Evans Sr., that request reimbursement for punitive damages the plaintiffs allege they would not have had to incur absent the defendants' professional negligence. On August 9, 2019, the circuit court entered an order certifying the following question for immediate appeal pursuant to Rule 308:

1

"Does Illinois' public policy on punitive damages and/or the statutory prohibition on punitive damages found in 735 ILCS 5/2-1115 bar recovery of incurred punitive damages in a legal malpractice case where the client alleges that, but for the negligence of the attorney in the underlying case, the jury in the underlying case would have returned a verdict awarding either no punitive damages or punitive damages in a lesser sum?"

¶ 2   For the following reasons, we answer the certified question in the negative. Accordingly, we affirm the circuit court's June 3, 2019, order.

¶ 3                                     BACKGROUND

¶ 4   On February 25, 2019, the plaintiffs filed their first amended complaint against the defendants in the circuit court of Madison County. According to the complaint, the plaintiffs hired the defendants in 2015 to represent them in a jury case in Madison County in which Paul Crane, an employee of Midwest, sued the plaintiffs for retaliatory discharge (the underlying action). According to the complaint, Crane had alleged in the underlying action that the plaintiffs wrongfully terminated him from employment at Midwest for making a complaint to the Illinois Environmental Protection Agency (IEPA) that Midwest had engaged in the unauthorized and illegal dumping and/or storage of toxic waste.

¶ 5   According to the complaint, during their representation of the plaintiffs, the defendants breached their professional duties to the plaintiffs in the following respects: (1) failed to list all witnesses intended to be called at trial in compliance with Illinois Supreme Court Rule 213(f) (eff. Jan. 1, 2007), resulting in six witnesses for the defense being barred; (2) failed to identify a voicemail recorded message from a Midwest customer as a lost or destroyed document in response to opposing counsel's request to produce, resulting in a "missing evidence" instruction being given by the court to the jury; (3) failed to object to the language of the limiting instruction given by the

2

court regarding testimony of defense witnesses about the destroyed voicemail message, or to tender an alternative instruction, thereby forfeiting appellate argument regarding the instruction that was given; (4) elicited testimony on cross-examination of IEPA Investigator Cahnovsky that he had referred Midwest to the Attorney General's office for prosecution and that the Attorney General's office had accepted the case; and (5) while the case was pending in the appellate court, failed and refused to discuss potential settlement with opposing counsel, responding to counsel's invitation to negotiate by simply stating, "no," without informing the plaintiffs.

¶ 6    The complaint alleges that, but for the foregoing negligent acts or omissions on the part of the defendants, the result of the trial in the underlying action would have been different, in that the jury would have awarded lesser or no damages to Crane. Essentially, the plaintiffs allege that the defendants' professional negligence precluded them from proving to the jury that they had a nonretaliatory reason for discharging Crane. Count I requests damages of $603,932.03 plus costs on behalf of all the plaintiffs. Count II requests damages of $1,068,932.03 plus costs on behalf of Midwest only.[1]

¶ 7    On April 12, 2019, the defendants filed a motion to dismiss and strike the plaintiffs' amended complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code). 735 ILCS 5/2-619.1 (West 2018). Of import to this appeal, the defendants argued in this motion that Midwest "is improperly trying to recoup from the [d]efendants the punitive damages portion of the underlying jury verdict, which is not permitted under Illinois law." On June 3, 2019, the circuit court entered an order denying the motion to dismiss and strike. On June 24, 2019, the defendants filed a motion to reconsider or, in the alternative, to certify for immediate appeal, pursuant to

---

[1]Further facts regarding the underlying matter can by found in this court's order affirming the judgment. *Crane v. Midwest Sanitary Service, Inc.*, 2017 IL App (5th) 160107-U.

Illinois Supreme Court Rule 308 (eff. July 1, 2017), the issue of whether the plaintiffs could seek recovery of the punitive damages they paid in the underlying case. On August 9, 2019, the circuit court granted the defendants' motion to certify the question for immediate appeal.

¶ 8    On August 23, 2019, the defendants filed an application for leave to appeal to this court pursuant to Illinois Supreme Court Rule 308 (eff. July 1, 2017). This court initially denied the application, and the defendants filed a motion for a supervisory order in the Illinois Supreme Court that would require this court to grant the defendants' application for leave to appeal. On February 20, 2020, the supreme court allowed the defendants' motion for a supervisory order and directed this court to allow the application. Accordingly, on February 20, 2020, this court entered an order vacating its prior order denying the application and entered a new order granting the application.

¶ 9                                      ANALYSIS

¶ 10    Because this appeal concerns a question of law certified by the circuit court pursuant to Illinois Supreme Court Rule 308 (eff. July 1, 2017), our standard of review is *de novo*. *Crawford County Oil, LLC v. Weger*, 2014 IL App (5th) 130382, ¶ 11. On appeal, the defendants argue that the statutory prohibition on the recovery of punitive damages in a legal malpractice case (735 ILCS 5/2-1115 (West 2018)),[2] as well as Illinois public policy, bars the plaintiffs from recovering the punitive damages they claim they were required to pay as a result of the defendants' negligence in representing them in the underlying action. The plaintiffs counter that as between them and the defendants, these damages are compensatory in nature because they are a direct result of the defendants' negligence in representing them. Both parties agree that this is an issue of first

---

[2]Section 2-1115 of the Code (735 ILCS 5/2-1115 (West 2018)) provides that "[i]n all cases, whether in tort, contract or otherwise, in which the plaintiff seeks damages by reason of legal *** malpractice, no punitive, exemplary, vindictive or aggravated damages shall be allowed."

4

impression in Illinois but that the supreme court's decision in *Tri-G, Inc. v. Burke, Bosselman &*

*Weaver*, 222 Ill. 2d 218 (2006), may be instructive.

¶ 11    In *Tri-G*, the plaintiff brought a legal malpractice action against its former attorney to

recover damages it sustained as a result of the attorney's failure to prosecute a complaint. *Id.* at

224-25. The plaintiff asserted that, but for the attorney's negligence, it would have recovered

compensatory and punitive damages against the defendant in the underlying action. *Id.* at 225.

Like the defendants in this case, the attorney argued that the plaintiff was barred from recovering

the punitive damages because section 2-1115 of the Code (735 ILCS 5/2-1115 (West 2002)) bars

such damages in legal malpractice cases. *Tri-G*, 222 Ill. 2d at 259. In a split (4 to 3) decision, the

supreme court held that the plaintiff could not recover its lost punitive damages from its attorney,

citing extensively from the California case of *Ferguson v. Lieff, Cabraser, Heimann & Bernstein,*

*LLP*, 69 P.3d 965 (Cal. 2003). *Tri-G*, 222 Ill. 2d at 259-67. However, we agree with the circuit

court, which found, in a detailed and well-written order, that the reasoning employed in *Tri-G* and

*Ferguson* does not apply to the situation we face in the case at bar.

¶ 12    First, in *Tri-G*, the majority found that allowing recovery of lost punitive damages would

defeat the punitive and deterrent purposes of punitive damages because the negligent attorney is

not the tortfeasor who committed the intentional or malicious acts that gave rise to the punitive

damages claim in the underlying case. *Id.* at 259-60. The circuit court explained, however, that

> "in a case such as the present case, where the punitive damages are alleged to have been
>
> incurred only because of the attorney's conduct, the responsibility [for the payment of such
>
> damages] would shift from an allegedly innocent party to a negligent party. [As such,] if
>
> [the plaintiff] was improperly judged due to the exclusion of exculpatory evidence in the
>
> underlying case, and it is truly innocent of the charge of willful, malicious and wanton

5

conduct, the policy against burden shifting seemingly fails. The opposite conclusion would mean that the allegedly innocent party *** would suffer the very specific punishment of having to pay the punitive damages and would at the same time be left with no recourse for compensation. Certainly, no societal purpose is served by such a doctrine. So, the [s]upreme [c]ourt's concern expressed in *Tri-G* regarding the deterrence purpose of punitive damages in lost punitive damage cases seems inapplicable in cases where the negligence of an attorney results in the imposition of punitive damages against his client."

¶ 13 Second, in *Tri-G*, the majority reasoned that allowing recovery of lost punitive damages would violate the public policy against speculative damages because it would require the jury in the malpractice case to effectively guess at whether the jury in the underlying case would award punitive damages and how much it would have awarded. *Id.* at 260. However, the circuit court found:

"In cases, such as the one at hand, however, and particularly where the punitive damage[s] [are] in a specific amount and liquidated, that reasoning loses traction.

Much of the proofs required to be made in the search for a recovery of incurred punitive damages are already accounted for in proving the claim for traditional compensatory damages. In its quest for traditional compensatory damages, [the plaintiff] will be required to prove that, had its attorneys not been negligent, the jury would have not found in favor of [the plaintiff in the underlying action]. If the jury in this matter finds that the defendants were negligent and that their negligence caused the *** jury to find in favor of the [plaintiff in the underlying action] for his compensatory damages, it seemingly follows that it could also find that that same negligence caused [the plaintiff] to lose on the issue of punitive damages. Thus, success or failure of the claim for recovery of incurred

6

punitive damages is largely co-extensive with the claim for traditional compensatory damages. Therefore, proofs for the recovery of incurred punitive damages, unlike the lost opportunity to recover punitive damages, are no more speculative than proofs for the recovery of traditional compensatory damages. *** Courts regularly call upon juries to make this determination in an environment of uncertainty in legal malpractice cases involving only traditional compensatory damages. This [c]ourt discerns no reason why a jury cannot be called upon to venture into that same realm when deciding whether to award the [p]laintiff for *all* the amounts it incurred as a result of the verdict in the underlying matter." (Emphasis in original.)

¶ 14    Finally, in *Tri-G*, the majority found that the recovery of lost punitive damages would exact a societal cost in the form of increased legal malpractice insurance premiums and exclusions, making legal services more difficult to obtain. In addition, the *Tri-G* court pointed out that lost punitive damages are not necessary to make a successful plaintiff whole in a legal malpractice action because a plaintiff is made whole by the award of compensatory damages, and punitive damages constitute an "undeserved windfall." *Id.* at 260-61. While the circuit court found that the same public burdens are at stake in the case at bar, it found that

"unlike cases involving the loss of the opportunity to recover punitive damages, the plaintiff here would not be 'made whole by [traditional] compensatory damages' alone, nor would recovery for the punitive damages it should not have been adjudged to pay constitute an 'undeserved windfall'. Here, the [p]laintiff was allegedly damaged when it was ordered to pay out a specific amount of money as punitive damages that it claims it would not have had to pay 'but for' the negligence of its attorneys. Any recovery would

7

serve to compensate [the plaintiff] for [its] actual and out-of-pocket losses if, indeed, [the plaintiff] meets its burden of proof."

¶ 15　Having examined the reasoning of the circuit court in distinguishing the case at bar from *Tri-C*, we agree with its conclusion that

"it appears that the unique characteristics associated with legal negligence claims for lost punitive damages, and for which the Illinois Supreme Court [in *Tri-C*] and the *Ferguson* court expressed concern, do not necessarily attend legal negligence claims for the recovery of paid or incurred punitive damages. Absent those unique characteristics, it seems to this court that there *** exists no just reason to deny the plaintiff in this case the opportunity to recover its actual loss. It should be remembered that '[t]he general rule of damages in a tort action is that the wrongdoer is liable for all injuries resulting directly from the wrongful acts ***, provided the particular damages are the legal and natural consequences of the wrongful act imputed to the defendant, and are such as might reasonably have been anticipated. ***' *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 543 (1996)."

¶ 16　　　　　　　　　　　　　　CONCLUSION

¶ 17　Although, as explained above, our standard of review is *de novo*, we find persuasive the thorough reasoning of the circuit court and find no reason to disturb it. In short, we agree that punitive damages that are assessed against a litigant as a proximate result of the professional negligence of its attorney are not, in the context of a subsequent legal malpractice action against the attorney, punitive in nature but are, instead, compensatory in nature and therefore not barred by public policy or by the terms of section 2-1115 of the Code. 735 ILCS 5/2-1115 (West 2018). Accordingly, we answer the certified question in the negative, affirm the circuit court's June 3, 2019, order, and remand this cause for further proceedings.

¶ 18    Certified question answered.

¶ 19    Affirmed and remanded.

| | |
|---|---|
| **Cite as:** | *Midwest Sanitary Service, Inc. v. Sandberg, Phoenix & Von Gontard, P.C.*, 2021 IL App (5th) 190360 |
| **Decision Under Review:** | Appeal from the Circuit Court of Madison County, No. 18-L-811; the Hon. David W. Dugan, Judge, presiding. |
| **Attorneys for Appellant:** | Gary A. Meadows and Theodore J. MacDonald Jr., of HeplerBroom, LLC, of Edwardsville, for appellants. |
| **Attorneys for Appellee:** | George R. Ripplinger, of Ripplinger & Zimmer, LLC, of Belleville, for appellees. |